JAMES E. BROWN (SBN 162579)
GREGG M. GU (SBN 188604)
KIRSTEN B. SHEA (SBN 241469)
3960 Orange Street, Suite 500
Riverside, CA 92501
Telephone: (951) 955-6300
Facsimile: (951) 955-6363
Email: ggu@rivco.org

Attorneys for Defendant COUNTY OF RIVERSIDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| JEREMIAH WAGENFELD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF JURUPA VALLEY,<br>COUNTY OF RIVERSIDE, and DOES<br>1-10, INCLUSIVE<br><br>　　　　　Defendants. | Case No. 5:17-CV-01313-ODW (RAOx)<br><br>**DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br>**[F.R. Civ.P. Rule 12(b)(6)]**<br><br>DATE: September 25, 2017<br>TIME: 1:30 p.m.<br>CRTRM: 5D<br>JUDGE: Hon. Otis D. Wright, II<br><br>*Complaint Filed: June 30, 2017* |

TO PLAINTIFF JEREMY WAGENFELD AND HIS ATTORNEY OF RECORD:

　　　　NOTICE IS HEREBY GIVEN that on September 25, 2017 at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 5D of the above-entitled court located at 350 West 1st Street, Los Angeles, California, defendant County of Riverside, will move this Court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for a dismissal of the Complaint on the following grounds:

1

DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES [F.R. Civ.P. Rule 12(b)(6)]

1. Plaintiff's Complaint fails to state any claim upon which relief could be granted against defendant County of Riverside under the Americans with Disabilities Act;

2. Plaintiff's Complaint fails to state any claim upon which relief could be granted against defendant County of Riverside under Section 504 of the Rehabilitation Act; and

3. Plaintiff's Complaint fails to state any claim against defendant County of Riverside under the California Disabled Persons Act.

This Motion is based upon this notice of motion, the attached memorandum of points and authorities, filed concurrently and all pleadings and papers on file in this action, and upon such other matters as the court may allow to be presented at the time of the time of the hearing on this matter.

The conference between counsel pursuant to Local Rule 7-3 has not yet occurred as of the filing date of this Motion. The undersigned has made the following efforts to engage Plaintiff's counsel in a meaningful meet and confer:

- August 11, 2017 at 12:49 p.m., left a message with an attorney listed in the attorney caption with the firm's receptionist;
- August 11, 2017 at 2:30 p.m., emailed the handling attorney identified on the Complaint;
- August 15, 2017 at 11:37 a.m., left a message on the plaintiff's firm's answering machine;
- August 16, 2017 at 10:13 a.m., left another message with the firm's receptionist for the case's handling attorney.

/ / /
/ / /
/ / /
/ / /

The undersigned will endeavor to conduct a meaningful meet and confer prior to the hearing on this matter.

Dated: August 16, 2017

GREGORY P. PRIAMOS
County Counsel

By: _____
GREGG M. GU
Supervising Deputy County Counsel
Attorneys for Defendant,
COUNTY OF RIVERSIDE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff alleges three causes of action against defendant County of Riverside ("County") and defendant City of Jurupa Valley ("City") for violations of Title II of the Americans with Disabilities Act (42 U.S.C. §12131, et seq.), Section 504 of the Rehabilitation Act (29 U.S.C. § 794, et seq.) and the California Disabled Persons Act (CA Civil Code §54, et seq.).  Defendant County challenges the sufficiency of the Complaint based upon the expiration of the statutes of limitation.

The Complaint alleges that the County owned, operated and/or maintained the streets, sidewalks, and curbs, including Mission Boulevard (situs of injury) before July 1, 2011 [Complaint, ¶15].  That in July 2011, Rubidoux[1] became part of the City of Jurupa Valley [Complaint, ¶16].  That after July 2011, the streets sidewalks and curbs were owned, operated and/or maintained by the City of Jurupa Valley [Complaint, ¶17].  That before July 2011, the County provided and maintained a number of on-street parking spaces for use by the public along Mission Boulevard [Complaint, ¶22].  That since July 2011, the City of Jurupa Valley has provided and maintained a number of on-street parking spaces for use by the public along Mission Boulevard [Complaint, ¶23].  The on-street public parking spaces on Mission Boulevard have never included parking spaces configured or designated for use by people with disabilities [Complaint, ¶25].  Plaintiff was injured by the lack of designated accessible parking on November 14, 2016, November 29, 2016, and June 19, 2017 [Complaint, ¶¶ 27, 28].  That the County embarked on a major revitalization project involving Mission Boulevard in and around 2010 [Complaint, ¶34].

---

[1] Prior to July 1, 2011, Rubidoux was a census designated area in the County.

Generally, a three-year statute of limitations applies to Plaintiff's causes of action pled herein. Even using Plaintiff's earliest date of injury in November 2016, the incident does not come within the three-year statute of limitation when the County last owned and maintained Mission Boulevard in July 2011 [Complaint, ¶15]. On its face, the Complaint is incurably defective and defendant County respectfully requests the Complaint be dismissed forthwith with prejudice.

## II.

## THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A party can bring a motion to dismiss when the complaint fails to "state a claim upon which relief can be granted." Fed. Rules Civ. Proc., Rule 12(b)(6). A complaint will be dismissed as a matter of law for either of two reasons "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d. 530, 534 (9th Cir. 1984).

In determining whether a case fails to state a claim, "[a]ll allegations and material facts are taken as true and construed in the light most favorable to the non-moving party." Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

However, a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III.

## THE COMPLAINT IS FATALLY DEFECTIVE BECAUSE IT FAILS TO PLEAD FACTS TO DEMONSTRATE THAT THE ALLEGED INJURY ACCRUED WITHIN THE APPLICABLE STATUTE OF LIMITATIONS

The applicable statute of limitations for a Title II cause of action under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and California Disabled Persons Act is three years, and is based upon California Government Code section 11135.

A. <u>Title II, Americans with Disabilities Act; Section 504 Rehabilitation Act</u>

"The Americans with Disabilities Act nor the Rehab Act contain its own limitations period." *Kramer v. Regents of University of California*, 81 F.Supp.2d 972, 973. In determining the appropriate statute of limitation, courts have looked to the most applicable and analogous state statute for prescribing the time to file an action for disability discrimination. Most recently, the Court of Appeals for the 9th Circuit has held that "California Government Code §11135 provides that the most analogous state-law claim to a Title II claim...and we accordingly borrow the limitations period applicable to such claims." *Sharkey v. O'Neal*, 778 F.3d 767, 771 (2015). "[S]ection 11135 is subject to [California Code of Civil Procedure] §338(a)'s three-year statute of limitations period…." *Id.* at 773.

B. <u>California Disabled Persons Act</u>

The California Disabled Persons Act, found in California Civil Code section 54.1 et seq., also does not include its own statute of limitations. *Kramer v. Regents of University of California*, 81 F.Supp.2d at 976. "Because the Unruh Act and the California Disabled Persons Act both essentially incorporate the ADA in its entirety, this Court concludes that

those laws are directly analogous to federal disability discrimination laws." *Ibid.* "This Court concludes that a three-year, rather than a one-year, statute of limitations should apply to plaintiff's claims." *Id.* at 977-978. [Concluding that since the ADA and Unruh Acts were virtually identical, three-year statute of limitations applied based upon California Code of Civil Procedure section 338(a), for liability created by statute, vis-à-vis common law].

C.  Application

According to the facts alleged in the Complaint, the earliest harm suffered by Plaintiff occurred in November 14, 2016 [Complaint, ¶27].  Further, the Complaint alleges the County last owned and maintained Mission Boulevard prior to July 2011 [Complaint, ¶¶ 15, 22].  In this regard, based upon a three-year statute of limitations, liability would require a nexus to defendant County no earlier than November 2013, which is over two years after the incorporation of defendant City of Jurupa Valley in July 2011 [Complaint, ¶17, 23].

# VI.

# CONCLUSION

Plaintiff's Complaint fails to state any facts from which relief could be granted as to defendant County of Riverside.  For the foregoing reasons and authorities, Plaintiff's Complaint against defendant County of Riverside must be dismissed.

GREGORY P. PRIAMOS
County Counsel

Dated: August 16, 2017       By: _____
GREGG M. GU
Supervising Deputy County Counsel
Attorneys for Defendant,
COUNTY OF RIVERSIDE

# PROOF OF SERVICE
## U.S. District Court Case No. 5:17-CV-01313-ODW (RAOx)

I, Martha R. Dominguez, the undersigned, say that I am a citizen of the United States and am employed in the County of Riverside, over the age of 18 years and not a party to the within action or proceeding; that my business address is: 3960 Orange Street, Fifth Floor, Riverside, CA 92501-3611.

That on August 16, 2017, I served a copy of the following listed documents:

**DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES [F.R. Civ.P. Rule 12(b)(6)]**

by delivering a true copy thereof in a sealed envelope(s) addressed as follows:

Russell C Handy, Esq.
Center for Disability Access
P.O. Box 262490
San Diego, CA 92196-2490
Telephone: 858-375-7385
Facsimile: 888-422-5191
Email: russ@potterhandy.com

Attorneys for Plaintiff,
JEREMIAH WAGENFELD

[X] FIRST CLASS MAIL. I am "readily familiar" with this office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Riverside, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] OVERNIGHT MAIL. I am "readily familiar" with this office's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier in the ordinary course of business.

[ ] PERSONAL SERVICE. I personally served the documents/envelope to the persons at the addresses listed above. Delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of 9:00 a.m. and 5:00 p.m.

[ ] ELECTRONIC SERVICE. Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 16, 2017, at Riverside, California.

_____
Martha R. Dominguez